> Further, the court defines society to include that

> broad range of mutual benefits each family member received . . . including love, affection, care, attention, companionship, comfort, and protection.

Id. at 585, 94 S.Ct. at 815

This comes so close to spelling out consortium that to insist on a distinction as has been well said would be to split hairs. In concluding as I do that plaintiff, Patricia Hubschman, may maintain her action for loss of consortium, I do no more than

> shape the remedy to comport with the humanitarian policy of the maritime law

to show "special solicitude" for those who are injured within its jurisdiction.

Id. at 588, 94 S.Ct. at 816.

On all the foregoing then, judgment will be entered dismissing the complaint against defendant, Caribbean Flying Boats, Inc. Judgment will be entered against defendant, Antilles Airboats, Inc. in favor of both plaintiffs.

**Jack HARRISON and Kendall Kiely, d/b/a Harrison Kiely Insurance Agency, Plaintiffs,**

v.

**HAROLD COX CONCRETE CONSTRUCTION COMPANY, INC., and United States of America, Defendants.**

Civ. A. No. C 76–0011 L(A).

United States District Court, W. D. Kentucky, Louisville Division.

Aug. 17, 1977.

---

**30.** 424 F.Supp. 927 (S.D.N.Y.1977).

Dennis E. Kurtz, Louisville, Ky., for plaintiffs.

Walter J. Swyers, Jr., Louisville, Ky., for defendant Cox.

George J. Long, U.S. Atty., William F. Trusty, Asst. U.S. Atty., Louisville, Ky., for defendant United States.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This action was originally brought by the plaintiffs, Jack Harrison and Kendall Kiely, doing business as Harrison-Kiely Insurance Agency (hereinafter, Harrison-Kiely), against the Harold Cox Concrete Construction Company, Inc. (hereinafter, Harold Cox) on January 10, 1975, in Jefferson County Circuit Court to recover an unpaid debt.

On April 3, 1975, the plaintiffs were granted a summary judgment in the amount of $5,771.79 against Harold Cox by the Circuit Court, and pursuant to that judgment the Sheriff levied upon personal property allegedly belonging to Harold Cox on June 9, 1975. Subsequently, the property was sold for $3,000.00 with $2,056.74 remaining after costs. That sum is being held by the Receiver of the Jefferson County Circuit Court.

On February 17, 1975, the United States made an assessment against Harold Cox in the amount of $5,658.68, plus interest, for unpaid federal withholding taxes. Additional assessments were made on March 24, and April 28, 1975, against Harold Cox for a total amount due, with penalties and interest, of $16,354.76.

The United States was granted leave by the Circuit Court to intervene as a party-defendant, pursuant to 26 U.S.C. Sec. 7424, on December 8, 1975, in order to assert its right to the fund held by the Receiver. This cause was removed to federal court upon motion of the United States, and all further proceedings in the Jefferson Circuit Court with regard thereto were stayed by our order, filed February 10, 1976.

The parties are presently before the Court upon the United States' motion for summary judgment as against Harrison-Kiely and Harold Cox.

The issue presented by the Government's motion against Harrison-Kiely is whether the federal tax lien has priority over the plaintiffs' lien. In this matter, the Court is governed by 26 U.S.C. Sec. 6323, which states, insofar as pertinent, as follows:

"(a) The lien imposed by section 6321 [for unpaid taxes] shall not be valid as against any . . . judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate . . .

"(f)(1) The notice referred to in subsection (a) shall be filed—

. . . (A)(ii) In the case of personal property, whether tangible or intangible, in one office within the State (or county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or

(B) In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A);".

The Kentucky statute on filing federal tax liens is K.R.S. 382.480, which provides:

"(1) Notices of tax liens payable to the United States and certificates discharging such liens shall be filed by the Collector of Internal Revenue, in duplicate, in the office of the county clerk of each county within which the property subject to the lien is located."

According to an affidavit submitted by the District Director of Internal Revenue for the District of Louisville, Kentucky, and the record of this case in the circuit court, a Notice of Federal Tax Lien against Harold Cox was filed in the office of the Jefferson County Clerk on March 13, 1975, for the assessment made February 17, 1975.

There is no dispute that the personal property in question and the defendant company were located in Jefferson County at all relevant times. However, the plaintiffs claim that K.R.S. 382.480 applies to real property only, and, therefore, the federal tax lien should have been filed with the Clerk of the United States District Court for the Western District of Kentucky. We do not agree.

First, while it is true that most of K.R.S. Chapter 382, "Conveyances and Encumbrances," pertains to real property only, some sections do specifically include personal property, to wit: K.R.S. 382.090, 382.-200(2), 382.335(1), 382.340 and 382.370. Moreover, the provisions of K.R.S. Chapter 382 predominately deal with real property only because many sections covering encumbrances on personalty were repealed, as conflicting, when the Uniform Commercial Code was adopted in Kentucky. See *1960 Kentucky Acts,* Chapter 250 (H.B. 466), Section 5, repealing sections K.R.S. 382.390, 382.400, 382.410, 382.420, 382.600, 382.610, 382.620, 382.630, 382.640, 382.650, 382.660, and 382.730. Thus, we see no reason to interpret "property" in K.R.S. 382.480 as restricted only to real property. Inasmuch as the federal tax lien was filed prior to the time of the plaintiffs' judgment against Harold Cox, the United States has priority to the fund in question.

The plaintiffs also contend that there is a question of fact whether the federal tax lien was correctly filed, alleging that it was filed in the real estate section of the County Clerk's Office and did not identify the personal property, and a question of law and fact as to whether their lien relates back to January 1975, when this suit was instituted.

A bare allegation that the federal tax lien was not properly filed, however, cannot defeat the Government's motion since it has been supported by an affidavit stating, in effect, that a lien was properly filed for the personal property in question. See Federal Rules of Civil Procedure 56(e). Further, the Court holds that, as a matter of law, the Harrison-Kiely lien does not relate back to the institution of this suit, for purposes of determining its status with relation to the federal tax lien, because, under the clear meaning of 26 U.S.C. Sec. 6323, the plaintiffs must have already become a judgment lien creditor, see K.R.S. 355.9–301(3), where "lien creditor" is defined, prior to the filing of the tax lien in order to have priority.

There was some indication in the parties' responses to the petition for removal that there was a motion pending in the circuit court concerning the rights of Edward L. Cox to the fund in question. However, a review of the record reveals that that motion was withdrawn. Therefore, this matter shall be remanded to the circuit court for payment to the United States Government of the $2,056.74 being held by the Receiver.

Finally, with regard to the Government's motion for summary judgment as against Harold Cox, the defendant Harold Cox having failed to respond thereto, the Government's motion shall be granted, consistent with our local United States District Court Rule 7(a); and a judgment against Harold Cox in the amount of $16,354.76, plus interest according to law, shall be entered.

A judgment in conformity herewith has this day been filed.