### In re The DAVE THOMAS COMPANY, INC., Debtor.

### SHERWIN WILLIAMS COMPANY, Plaintiff,

v.

### The DAVE THOMAS COMPANY, INC. et al., Defendants.

Bankruptcy No. 3–84–01440.
Adv. No. 3–84–0103.

United States Bankruptcy Court,
W.D. Kentucky.

July 3, 1985.

C. Joseph Greene, Louisville, Ky., for plaintiff

Richard A. Dennis, Louisville, Ky., Charles A. Baer, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant, U.S. (Internal Revenue Service).

## MEMORANDUM-OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on motion for summary judgment by the defendant, United States of America, and on cross motion for summary judgment by the plaintiff, Sherwin Williams Company, both claiming lien priority to accounts receivable of the Dave Thomas Company, Inc. ("debtor") due from Whittenberg Engineering & Construction Company ("Whittenberg"). The plaintiff filed this adversary proceeding seeking a judgment that it is entitled to a disputed fund in the amount of $15,-222.96, pursuant to an assignment from debtor to plaintiff, executed on January 9, 1984. A default judgment was entered against the defendant, Commonwealth of Kentucky, barring it from making any claim to the funds in controversy in this action. The defendant, Whittenberg, confessed judgment in the amount of $15,-222.96, and by Agreed Order was dismissed with prejudice. The debtor and the Trustee also disclaimed any interest in this sum and were likewise dismissed, with prejudice. Therefore, the sole competing parties to this disputed fund are Sherwin Williams and the United States. The United States argues that it is a secured creditor by virtue of its tax liens which have priority over any claim of plaintiff based upon the assignment. Sherwin Williams argues that the United States has failed to show it properly perfected its liens, and further argues that the funds in question do not constitute property of the taxpayer/debtor against which IRS could place a lien nor levy thereon.

The facts are not in dispute in this case. The United States has filed tax liens against the taxpayer/debtor pursuant to I.R.C. Section 6321 with the Clerk of Jefferson County, Kentucky as shown in the following schedule:

| TYPE OF TAX | TAXABLE PERIOD | AMOUNT OF LIEN | DATE LIEN ATTACHED | FILING DATE |
|---|---|---|---|---|
| FICA, withholding tax | 1Q 1983 | $20,205.07 | 06/13/83 | 08/16/83 |
| FICA, withholding tax | 2Q 1983 | $21,454.28 | 09/19/83 | 11/15/83 |
| FICA, withholding tax | 3Q 1983 | $24,976.84 | 03/05/84 | 03/26/84 |
| FICA, withholding tax | 4Q 1983 | $ 9,637.66 | 03/26/84 | 05/21/84 |

As alleged in plaintiff's Complaint, on January 9, 1984, taxpayer/debtor assigned to plaintiff proceeds due and payable or to become due and payable to taxpayer from Whittenberg. As further alleged in plaintiff's Complaint, the sum of $15,222.96 became due to debtor from Whittenberg on March 2, 1984. On March 2, 1984, the United States served a Notice of Levy for $71,331.64 on Whittenberg. According to Whittenberg's answer in the state court proceeding, it subsequently determined that it held proceeds of $25,493.20 belonging to taxpayer/debtor. Whittenberg paid $10,270.24 of that sum to the United States.

The issue for determination by this Court is whether the plaintiff or the defendant, United States, is entitled to this disputed fund as a matter of law and that there exists no genuine issue as to any material fact. Bankruptcy Rule 7056; Fed.R.Civ.P. 56(c).

■ The United States has filed tax liens against the debtor pursuant to Internal Revenue Code ("I.R.C.") Section 6321. This tax lien attaches to all property of taxpayer/debtor as of the date of assessment. *Little v. United States*, 704 F.2d 1100, 1105–1106 (9th Cir.1983). The threshold question in this case is whether and to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach. In answering that question, both federal and state courts must look to state law. *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Once the tax lien has attached to the taxpayer's state-created interests, we must look to federal law, which determines the priority of competing liens asserted against the taxpayer's "property" or "rights of property". 363 U.S. at 514, 80 S.Ct. at 1280.

■ The plaintiff has argued that the funds do not constitute property of the taxpayer, and therefore, the IRS could not place a lien against it nor levy thereon. Plaintiff relies on *In re D & B Electric, Inc.*, 4 B.R. 263 (Bkrtcy., W.D.Ky.1980) as support for its claim that the funds at issue are not the property of the debtor. *D & B* held that an unpaid materialman had an enforceable trust interest in checks made jointly payable to it and to a subcontractor for materials furnished on the job that gave rise to the checks. The IRS has challenged plaintiff's status as a materialman, alleging that it has failed to establish that its claim represents *only* amounts due for materials furnished on the job that gave rise to the checks (Kentucky Home Life Building job). The plaintiff counters this assertion with an affidavit of its operations manager that $12,126.28 is due and owing exclusively for materials furnished for the Kentucky Home Life Building job.

Plaintiff's reliance on *D & B Electric* in support for its position that the funds at issue are not property of the debtor, is misplaced. First, in the instant case, the checks in question were not made jointly payable to Sherwin Williams and debtor. Secondly, *D & B Electric* was based upon two Sixth Circuit cases dealing with Michigan law, *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979) and *Parker v. Klochko Equipment Rental Co., Inc.*, 590 F.2d 649 (6th Cir.1979), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). The Michigan law at issue in those cases explicitly created a trust fund for materialmen. *Selby, supra*, at 651. In contrast, the governing statute in Kentucky, KRS 376.070, does not expressly create such a trust. The Court finds that *D & B Electric* is factually distinguishable from the instant case, as stated in *Allgeier & Dyer, Inc.*, 18 B.R. 82 (W.D.Ky.,1982). *Allgeier & Dyer, supra* held that construction contract proceeds were the property of the debtor's estate, notwithstanding the fact that there were unsatisfied materialmen's claims on that fund. The Court stated:

> The case of *In re D & B Electric, Inc.*, 4 B.R. 263 (Bankr.W.D.Ky.1980), is factually distinguishable from the instant situation in that the lien there in question was founded in equity as arising in favor of one who waives a once available statutory remedy. In propounding a "trust fund theory", the Court there relied on companion cases of *Selby v. Ford Motor Co., et al.*, 590 F.2d 642 (6th Cir.1979) and *Parker v. Klochko Equipment Rental Co., Inc., et al*, 590 F.2d 649 (6th Cir.1979), cert. denied, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979), which specifically arose pursuant to a statutory trust fund in favor of subcontractors and materialmen under the Michigan Building Contract Fund Act Mich.Comp.Laws Ann. Section 570.151 et seq. (1967). *A comparable trust fund provision is not found in Kentucky statutory enactments.* Here, we are dealing with mechanics liens statutes, KRS 376.210 and KRS 376.010, which would be characterized as arising in law and not in equity.

It is the task of the legislature to enact state law while a Federal Court is limited to the application and interpretation of that state law. For these reasons as regards the instant case, the Court is constrained to find that the reliance placed on *D & B Electrics, supra,* is misplaced. [Emphasis supplied.]

*Allgeier & Dyer, Inc., supra,* 18 B.R. at 85.

The District Court, in speaking to this issue on appeal, stated: *"D & B* was founded upon an interpretation of the Michigan Builder's Trust Fund Act. There is no comparable Kentucky law which compels an application of the trust fund theory here." *In re Allgeier & Dyer, Inc.,* slip op., No. C 82–0261–L(b) and No. C 83–0450–L(B) (W.D.Ky. Oct. 28, 1983, unpublished).

The Bankruptcy Court for the Eastern District of Tennessee dealt with the issue in *In re Lafollette Sheet Metal, Inc.,* 35 B.R. 634 (Bkrtcy., E.D.Tenn.1983), which applied Kentucky law. The Court stated:

> No reported Kentucky state court decision on the question of whether Ky.Rev. Stat. Section 376.070 (1972) creates a trust fund has been cited to or discovered by this court. *Henry A. Petter Supply Co. v. Hal Perry Cons. Co.,* 563 S.W.2d 749 (Ky.App.1978), cited in and relied upon in part for the decision in *D & B Electric,* does *not* hold that Ky.Rev. Stat. Section 376.070 (1972) creates a *statutory trust.* It merely recognizes the duty of a contractor to pay materialmen from the payment proceeds received from the owner of the property being improved or repaired. [Emphasis added.]

*Lafollette, supra,* 35 B.R. at 637–38.

Therefore, the Court finds that the funds in question were "property" of the taxpayer/debtor as of the date of assessment to which the lien attached. I.R.C. Section 6321.

The next issue for resolution is to determine priority of the competing liens of the United States and Sherwin Williams. Sherwin Williams has argued that the United States has failed to show it properly per-

fected its liens. The United States argues that it properly filed its liens, and that as the assignment from the debtor to Sherwin Williams occurred subsequent to two liens filed by the United States, it is entitled to priority.

▮ Pursuant to I.R.C., Section 6323, a tax lien is not valid against a purchaser until the appropriate Notice of Tax Lien is filed. As previously stated, the United States filed Notices of Tax Lien for $20,205.07 on August 16, 1983 and for $21,454.28 on November 15, 1983. These tax liens attached to all property of debtor, including any contract rights had to payments from Whittenberg. *Randall v. H. Nakashima Co. Ltd.*, 542 F.2d 270, 273–74 (5th Cir.1976). The liens also attached to any after-acquired property or rights to property of debtor. *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945); *Wukelic v. United States*, 544 F.2d 285, 291 (6th Cir.1976). Thus, the Court finds that the United States had a secured interest in debtor's right to receive proceeds from Whittenberg. Furthermore, we reject plaintiff's argument that the IRS failed to show it property perfected its lien. The notices of tax liens were properly filed in Louisville, Jefferson County, Kentucky. In Kentucky, a notice of federal tax lien should be recorded in the office of clerk of the county within which the property subject to the lien is located. I.R.C., Section 6323(f)(1)(A)(ii); KRS 382.480(1); *Harrison v. Harold Cox Concrete Const. Co., Inc.*, 440 F.Supp. 859 (W.D.Ky.1977). In this case, the situs of the personal property involved is the location of the principal executive office of the debtor, which in this case is Jefferson County, Kentucky. I.R.C. Section 6323(f)(2)(B).

Additionally, by affidavit, the IRS has shown that the proper notices of assessments and demands for payment were duly sent to the taxpayer/debtor complying with I.R.C. Section 6331(d). Further, the Court notes that the assignment upon which plaintiff bases its claim to the fund is dated January 9, 1984. This assignment is subsequent to two liens which we have found were properly filed by the United States, one on August 16, 1983 for $20,205.07, and one on November 15, 1983 for $21,454.28, for an aggregate of $41,659.35, more than the amount of the fund. As the liens of the United States were filed before the date of the assignment, the liens of the United States are entitled to priority, as "first in time, first in right". *United States v. Equitable Life Assur. Soc. of U.S.*, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966). This priority applies as well to the contract rights or other "rights to property" which debtor assigned to plaintiff. *See, Randall v. H. Nakashima & Co., Ltd., supra.* As the lien of the United States attached to the property or rights to property of debtor before it was assigned to plaintiff, the lien of the United States is entitled to priority over any claim of plaintiff based upon the assignment.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.

A copy of the foregoing was mailed to C. Joseph Greene, 801 West Jefferson Street, Louisville, Kentucky 40202, counsel for plaintiff; Richard A. Dennis, Assistant United States Attorney, Western District of Kentucky, 211 U.S. Courthouse, 601 W. Broadway, Louisville, Kentucky 40202, counsel for U.S. Department of Internal Revenue; and to Charles A. Baer, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C. 20530.