**In re Carl Vernon HEATH, d/b/a Heath Landscaping, and Debra Lee Heath, Debtors.**

**Dennis SELL, Plaintiff,**

**v.**

**Carl HEATH, d/b/a Heath Landscaping, Defendant.**

**Bankruptcy No. 85 J 0748.**

United States Bankruptcy Court, D. Colorado.

May 7, 1986.

Vincent C. Todd, Denver, Colo., for plaintiff.

Mark Saiki, Denver, Colo., for defendant.

## ORDER DENYING SUMMARY JUDGMENT

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER is before the Court on the Plaintiff's Motion for Summary Judgment, in this adversary proceeding against Carl Heath, the Debtor. The Plaintiff's complaint alleges that Heath acted fraudulently by tendering a check to Plaintiff, for services rendered, knowing that these were insufficient funds to cover the check.

In July of 1985, Plaintiff performed design services for Defendant Carl Heath, doing business as Heath Landscaping, pur-

suant to an oral agreement for which on July 3, 1985 Heath tendered to Sell his check number 4342, drawn upon Southwest State Bank, in the amount of $624.24 in payment of his obligations to Plaintiff. In reasonable reliance upon the representations of the Defendant, the Plaintiff tendered Defendant's check number 4342 for payment in the normal course of business to Southwest State Bank which first indicated there were insufficient funds in the account and later indicated that the account had been closed. On August 12, 1985, Plaintiff mailed and Defendant received a letter demanding payment by which Defendant failed to abide.

 Plaintiff attempts to combine C.R.S. 13–21–109 and 18–5–205(2) 1973, as amended, with 11 U.S.C. § 523(a)(2)(B) to bolster his argument that Defendant knowingly tendered to him what Plaintiff labels a false financial statement (i.e. the check); therefore because fraud is implied at law, the debt should not be discharged pursuant to § 523(a)(2)(B). This position is untenable for two reasons. First, Plaintiff fails to cite any authority (Colorado or otherwise) which equates a check with a financial statement. Thus, it is also incorrect to assert that § 523(a)(2)(B) governs this matter. Indeed, many cases hold that the dischargeability of debts arising from bad checks are governed by § 523(a)(2)(A). *See, In re Holt*, 24 B.R. 696 (Bankr.E.D.Va. 1982). Furthermore, Plaintiff's argument fails because he cannot rely on fraud implied in law, but must prove actual fraud by clear and convincing evidence in order to comply with the requisites of § 523(a)(2)(A).

Summary judgment is considered a drastic remedy. *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir.1973). It may only be granted where no genuine issue of material fact exists. *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir.1980). The movant must demonstrate beyond reasonable doubt, that he is entitled to judgment as a matter of law. *Norton v. Liddell*, 620 F.2d 1375, 1381 (10th Cir.1980).

In this case, none of these elements have been met. Debtor has indeed raised several issues of material fact, most significantly, among them, proving actual fraud. It is, therefore,

ORDERED that Plaintiff's Motion for Summary Judgment is denied.