In the Matter of Alice L. EARHART, Debtor.

UNITED STATES of America, Plaintiff,

v.

Alice L. EARHART, Defendant.

Adv. No. 84–0313C.

United States Bankruptcy Court, N.D. Iowa, Cedar Rapids Division.

Nov. 11, 1986.

Kristin Tolvstad Davis, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff.

ROBERT D. MARTIN, Bankruptcy Judge.

This adversary proceeding has been presented on motion of the United States, Small Business Administration ("SBA") for summary judgment determining that its claim against the debtor, Alice L. Earhart, in the amount of $69,580.02 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). In support of its motion SBA has presented affidavits of three of its employees, a copy of the loan application which is alleged to be false and pleadings in a state court action against Earhart by her mother Lottie Sienko. The debtor has answered the complaint in this adversary proceeding but presented no papers in opposition to the motion for summary judgment.

SBA claims that by writing "No" in the box on the loan application provided for responses to the question "[a]re you or your business involved in any pending lawsuits" and by thereafter orally stating in response to a direct question that there were no pending law suits against her, Earhart misrepresented her financial condition both in a written statement respecting her financial condition and otherwise. At the time of the application and at the time of the later direct question there appears to have been pending the law suit against Earhart by her mother praying for damages in the amount of $70,000.00. After processing the application SBA advanced approximately $60,500.00 to Earhart. An additional $6,500.00 was disbursed to Earhart after SBA questioned her regarding lawsuits and was told that she was not a defendant.

In order to grant the SBA's motion for summary judgment under Bankruptcy Rule 7056 (F.R.C.P. 56), the SBA must show the absence of any genuine issue of fact. The material offered in support of the motion must be viewed in a light most favorable to the party opposed to summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment is an extreme remedy and is not to be granted unless the movant has established its right to judgment with such clarity as to leave no room for controversy. *Williams v. Evangelical Retirement Homes of Greater St. Louis*, 594 F.2d 701, 703 (8th Cir.1979). Under F.R.C.P. 56(e), if the moving party has not met its burden of proof the motion should be denied even though the opposing party has not offered any opposing evidence. 6-Pt. 2 *Moore's Federal Practice* ¶ 56.23 (2d ed. 1985); *Adickes*, 398 U.S. at 159-60, 90 S.Ct. at 1609-10.

The SBA must demonstrate that it is entitled to judgment in its favor under 11 U.S.C. § 523(a)(2)(A) and (B) which provide:

(A) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

Were SBA successful in demonstrating that the elements of either subsection (A) or (B) have been proved it would be entitled to judgment. However, as to each there remains a genuine question of fact.

■ Section 523(a)(2)(A) invokes the common law on its "five fingers of fraud." Although the test is variously stated and the chancellor's hand varies from three to six fingers,[1] two elements common to any scheme are that the debtor intend to deceive the creditor and that the creditor reasonably rely upon the representations. In this case no direct evidence of the debtor's intention has been presented. In light of the debtor's denial of a negative intention by her answer no inference can be compelled by the circumstances alleged. Furthermore, in making its final disbursement the SBA relied upon a statement by the debtor that she was not a party-defendant in litigation after notice that she was. There is no evidence of an independent investigation being generated by the notice. Thus, although there is some evidence of reliance upon her response to the inquiry there is no evidence compelling an inference that the reliance was reasonable.

■ Turning to 11 U.S.C. § 523(a)(2)(B) and assuming that the loan application was a statement in writing respecting Earhart's financial condition[2] a codified form of the fraud test must be applied. As with the common law both reasonable reliance and intent to deceive are elements. The application and its treatment by the SBA gives no stronger basis than the defendant's answer to the direct question for determining whether the SBA relied on Earhart's not being a defendant in a lawsuit, or if there was such reliance whether it was reasonable. Furthermore, there has been no direct evidence of debtor's intention to deceive.

---

1. For the three fingered chancellor, the elements which must be proven are:

1.) The debtor obtained money or property through representations known to be false or made with reckless disregard for the truth amounting to willful misrepresentation;
2.) The debtor had an intent to deceive; and,
3.) The creditor actually and reasonably relied on the representation.

*In re Bisbach*, 36 B.R. 350, 353 (Bankr.W.D.Wis. 1984); *Carini v. Matera*, 592 F.2d 378, 380–81 (7th Cir.1979). The five fingered chancellor requires creditors to prove:

(1) debtor made false representations;
(2) at the time the representations were made the debtor knew they were false;
(3) the debtor made the representations with the intent to deceive the creditor;
(4) the creditor relied upon such representations; and
(5) the creditor sustained the alleged loss and damages as a proximate result of the false representation.

*In re Bonefas*, 41 B.R. 74, 78 (Bankr.N.D.Iowa 1984); *In re Houtman*, 568 F.2d 651, 655 (9th Cir.1978). And, the six fingered chancellor requires proof.

*First.* That the defendant has made a representation in regard to a material *fact;*
*Secondly.* That such representation is false;
*Thirdly.* That such representation was not actually believed by the defendant, on reasonable grounds, to be true;
*Fourthly.* That it was made with intent that it should be acted on;
*Fifthly.* That it was acted on by complainant to his damage; and,
*Sixthly.* That in so acting on it the complainant was ignorant of its falsity, and reasonably believed it to be true.

*Southern Development Co. v. Silva*, 125 U.S. 247, 250, 8 S.Ct. 881, 882, 31 L.Ed. 678 (1888).

2. *Cf. In re Bonefas*, 41 B.R. 74, 78 (Bankr.N.D. Iowa 1984).

It is highly unlikely that a situation would ever arise under which summary judgment would be appropriate in adversary proceedings brought under section 523(a)(2). Certainly this proceeding is one in which there remain material factual issues to be determined. For the reasons stated herein the motion for summary judgment is denied.