In the Matter of SPECIALTY CONTRACTING & SUPPLY, INC., Debtor.

UNITED STATES of America, Plaintiff,

v.

SPECIALTY CONTRACTING & SUPPLY, INC., Richard Scott Fraley, and Bank of Newnan, Defendants.

Bankruptcy No. N90–32655–WHD.
Adv. No. 91–0101N.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

May 28, 1992.

Daniel Caldwell, Asst. U.S. Atty., Atlanta, Ga., James B. Thompson, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

George C. Rosenzweig, Newnan, Ga., for defendants Specialty Contracting & Supply, Inc., Richard Scott Fraley.

Gus L. Wood, Newnan, Ga., for defendant Bank of Newnan.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on Motions for Summary Judgment, filed in the above-referenced proceeding by the plaintiff, United States of America ("Plaintiff") against the defendant, Specialty Contracting & Supply, Inc. ("Debtor"), against the defendant Richard Scott Fraley ("Fraley"), and against the Bank of Newnan ("Bank"). Bank has filed a Cross–Motion for Summary Judgment against Plaintiff. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(K). The following constitutes the Court's Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

In 1986, Debtor was formed as a Louisiana corporation. Debtor is in the business of selling, consulting, and mechanical services. Debtor's corporate offices were moved to Austin, Texas on January 5, 1989, and then in March, 1990, the corporate offices were moved to Sharpsburg, Coweta County, Georgia. Fraley, Bank, and Plaintiff each claim a security interest in Debtor's property.

Fraley, a corporate officer of Debtor, claims a security interest in Debtor's equipment, inventory, furniture, fixtures, accounts receivable, machinery, and tools through a security agreement dated December 18, 1989. As evidenced by a promissory note attached to the security agreement, the security agreement secures a loan of $95,000.00 plus interest. On January 2, 1990, since Debtor's corporate offices were still in Texas, Fraley filed a financial statement in Texas which noted as security Debtor's equipment and inventory. Fraley has not filed a financial statement in Georgia with respect to his security agreement with Debtor.

Bank claims a security interest in Debtor's property through a security agreement dated October 22, 1990. The security agreement with Bank secures a loan of $10,100.00 to Debtor for the purpose of purchasing a 1990 Ford Ranger ("Truck") and lists the Truck as collateral for the loan. Bank subsequently forwarded its application for the Certificate of Title in the Truck to the Georgia Department of Revenue. On November 7, 1990, the Certificate of Title was issued to Bank. Bank entered into another security agreement with Debtor on November 30, 1990. The second security agreement secures a loan of $60,-000.00 and lists the following as collateral: office furniture, inventory, equipment, a 1983 GMC truck and a 1985 Ford truck. On December 5, 1990, Bank filed a financial statement in Georgia which noted as security office furniture and a Clark forklift.

Plaintiff claims a lien on all of Debtor's property through a Notice of Federal Tax Lien filed in Coweta County on September 13, 1990, and a Notice of Federal Tax Lien filed in Coweta County on November 12, 1990. The first Notice of Federal Tax Lien secures tax liabilities of $23,445.79 resulting from Debtor's third quarter 1989 Form 941. The second Notice of Federal Tax Lien secures tax liabilities of $117,788.74 resulting from Debtor's fourth quarter 1989 Form 941 and the first, second, and third quarter 1990 Forms 941. After both notices were filed, Debtor paid the Internal Revenue Service ("IRS") $6,000 on a check dated October 17, 1990, and $25,000 on a check dated December 3, 1990.

On December 28, 1990, Debtor filed for bankruptcy protection under Chapter 11. On October 11, 1991, Plaintiff filed a Complaint to Determine the Extent and Priority of Liens. In the Complaint, Plaintiff asserted that its federal tax liens are entitled to priority over any other lien or claim. On February 18, 1992, Plaintiff filed a Motion for Summary Judgment asserting that its federal tax liens are entitled to priority over Fraley's security interest and both of Bank's security interests. Fraley responded by arguing that his security interest in Debtor's property has priority over Plaintiff's federal tax liens. Fraley also asserted that Plaintiff's first federal tax lien securing tax liabilities of $23,445.79 was satisfied by two checks dated October 17, 1990, and December 3, 1990, respectively. Bank responded by filing a Cross–Motion for Summary Judgment on March 13, 1992. In the Cross–Motion, Bank asserted that its security interest of $10,100.00 with the Truck as collateral is entitled to priority over Plaintiff's federal tax liens. Bank conceded that Plaintiff's federal tax liens are entitled to priority over Bank's $60,000 security interest. Debtor's case has recently been converted into a Chapter 7 proceeding.

## CONCLUSIONS OF LAW

In accordance with Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, this Court will grant a motion for summary judgment only when there is no material issue of fact to be tried and the movant is

924

entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *on remand,* 826 F.2d 33 (D.C.Cir.1987), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The movant has the burden to establish that no such factual issue exists, *Id.* 477 U.S. at 324, 106 S.Ct. at 2553, and the Court will read the opposing party's pleadings liberally. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is a drastic remedy, to be granted when there is no room for controversy. *In re Earhart,* 68 B.R. 14, 15 (Bankr.N.D.Iowa 1986); *In re Heath,* 60 B.R. 338, 339 (Bankr.D.Colo.1986).

■ Plaintiff argues that federal law controls the issue of priority between federal tax liens and security interests. In *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192 (1960), the Supreme Court held that matters affecting the nature or operation of federal tax liens are federal questions. Once a federal tax lien has attached to a debtor's interest, federal law then determines the priority of competing lien holders. *See Sherwin Williams Co. v. Dave Thomas Co., Inc. (In re Dave Thomas Co., Inc.),* 51 B.R. 66, 68 (Bankr.W.D.Ky.1985); *See also Don King Productions, Inc. v. Thomas,* 945 F.2d 529, 534 (2nd Cir.1991). Since federal tax liens have attached to Debtor's interest in the present case, federal law will control the issue of priority between Plaintiff's federal tax liens and Fraley's security interest and between Plaintiff's federal tax liens and Bank's security interest in the Truck.

■ Under federal law, Plaintiff's federal tax lien is not valid against holders of security interests until notice of the lien is properly filed under the state law in which the property is situated. 26 U.S.C. §§ 6323(a) and (f). In the present case, Plaintiff properly filed its tax lien notices on September 13, 1990, and November 12, 1990, in accordance with Georgia law. O.C.G.A. § 44-14-571(b). Once the Notices of Federal Tax Liens were properly filed in the Coweta County Clerk's office, Plaintiff

argues that its interest becomes perfected and takes priority against all subsequently perfected security interests. *See* 26 U.S.C. §§ 6323(a) and (h)(1).

Generally, federal tax liens take "priority over competing liens unless the competing lien was choate, or fully established, prior to the attachment of the federal lien." *King Productions,* 945 F.2d at 533. The Supreme Court in *Slodov v. United States,* 436 U.S. 238, 257, 98 S.Ct. 1778, 1790, 56 L.Ed.2d 251 (1978), recognized that perfected security interests arising before the notice of a federal tax lien are entitled to priority. The question of priority with respect to Fraley's security interest is whether his interest was perfected prior to the perfection of Plaintiff's federal tax liens.

Fraley perfected his security interest in Texas on January 2, 1990, by filing a financing statement. After Debtor moved his corporate offices to Georgia in March, 1990, Georgia law applies to the continued perfection of Fraley's security interest. O.C.G.A. § 11-9-103(3)(b). Georgia law provides that Fraley's perfected security interest in Texas remains perfected in Georgia for four months after Debtor's relocation of its business to Georgia. O.C.G.A. § 11-9-103(3)(e). Since Fraley has not perfected his security interest in Georgia, his security interest is deemed unperfected upon the expiration of four months after the relocation to Georgia. Fraley's security interest, therefore, is unperfected prior to the attachment of Plaintiff's federal tax liens in September and November of 1990. This Court agrees with Plaintiff that because Fraley's security interest was unperfected prior to the filing of the federal tax liens, Plaintiff's federal tax liens are entitled to priority over Fraley's security interest. Since there is no material issue of fact to be resolved between Plaintiff and Fraley, Plaintiff is entitled to summary judgment against Mr. Fraley as a matter of law.

■ With respect to Bank's security interest in the Truck, Plaintiff argues that its federal tax lien noticed on September 13, 1990 is entitled to priority. Bank contends that its security interest is entitled to prior-

ity for either of the following reasons: 1) Bank's purchase money security interest is superior to Plaintiff's federal tax liens or 2) the federal tax lien noticed on September 13, 1990, is void since it has been fully paid and satisfied by two checks totalling $31,000.

A purchase money security interest is a security interest to the extent that it is "[t]aken or retained by the seller of the collateral to secure all or part of its price." O.C.G.A. § 11–9–107(a). In the present case, Bank obtained a purchase money security interest in the Truck because the security agreement with Bank secures a loan of $10,100.00 to Debtor for the purpose of purchasing the Truck and lists the Truck as collateral for the loan. The Supreme Court has recognized that a purchase money security interest is entitled to priority over a previously filed federal tax lien. *Slodov*, 436 U.S. at 257–258, 98 S.Ct. at 1790–91. The priority of a purchase money security interest over a federal tax lien is based on the theory that the property subject to the purchase money security interest belongs to the seller rather than to the taxpayer. *See Randall v. H. Nakashima & Co., Ltd.*, 542 F.2d 270, 276 (5th Cir.1976).

Before a purchase money security interest is entitled to priority, the interest must be perfected under applicable state law. *Id.* Under Georgia law, a security interest in a motor vehicle is perfected when the existing certificate of title, application for certificate of title, and the required fee is delivered to the State Revenue Commissioner. O.C.G.A. § 40–3–50(b). Bank forwarded its application for the Certificate of Title in the Truck to the State Revenue Commissioner, and the Certificate of Title was issued to Bank on November 7, 1990. It is reasonable to conclude that Bank's purchase money security interest became perfected some time prior to the issuance of the Certificate of Title on November 7, 1990. Since Bank's purchase money security interest was perfected, it is entitled to priority over Plaintiff's previously filed federal tax lien noticed on September 13, 1990. Since there is no material issue of fact to be resolved between Bank and Plaintiff, Bank is entitled to summary judgment against Plaintiff as a matter of law with respect to the security interest in the Truck, and Plaintiff is entitled to summary judgment against Bank with respect to the second security agreement of $60,000.

Accordingly, Plaintiff's Motion for Summary Judgment against Fraley is hereby GRANTED. Plaintiff's Motion for Summary Judgment against Bank is hereby GRANTED in part as Plaintiff's federal tax liens are entitled to priority over Bank's $60,000 security interest and hereby DENIED in part as Bank's security interest in the Truck is entitled to priority over Plaintiff's federal tax liens. Bank's Cross–Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.