In the Matter of BROWN TRANSPORT TRUCKLOAD, INC., Brown Transport Corp., Thurston Motor Lines, Inc., Debtors.

Robert E. BRIZENDINE, Trustee on Behalf of the Bankruptcy Estate of Brown Transport Truckload, Inc., Brown Transport Corp., and Thurston Motor Lines, Inc., Plaintiff,

v.

CAMPBELL SOUP COMPANY, Defendant.

Bankruptcy Nos. A89–12515, A89–12517 and A89–12521.

Adv. No. 91–6935A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 1, 1992.

T. Gordon Lamb, Lamb and Associates, Atlanta, Ga., for plaintiff.

Daniel A. Angelo, William D. Matthews, Greene, Buckley, Jones & McQueen, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on Motion for Summary Judgment, filed in the above-referenced adversary proceeding by Robert E. Brizendine, the Trustee for the debtors in this proceeding, Brown Transport Corp., et al. ("Plaintiff"), and a Cross Motion for Summary Judgment filed by Campbell Soup Company ("Defendant"). This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes the Court's Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On October 31, 1989, Brown Transport Corp., et al. ("Brown") filed for bankruptcy protection under Chapter 11. Prior to the bankruptcy petition, Brown operated a trucking company, authorized to do business in interstate commerce pursuant to the rules and regulations of the Interstate Commerce Commission ("ICC"). Brown is authorized to operate as both a motor contract carrier and a motor common carrier.

On October 31, 1991, Plaintiff filed a Complaint against Defendant for Turnover of Property and for Money Judgment. The claim arose out of transportation services which were provided for Defendant. Brown, in its capacity as a motor carrier, provided transportation services for Defendant. In the claim, Plaintiff sought to recover undercharges which were owed for transportation services provided for Defendant. Specifically, Plaintiff sought to recover the difference between its tariff rate filed in accordance with the applicable pro-

visions of the Interstate Commerce Commission ("ICC") and the lower rate charged to Defendant in the original freight charges, in which Defendant paid in full. 49 U.S.C. §§ 10761(a) and 10762.

Plaintiff relies on tariff's BTTY 239 and BTTY 290, which are filed with the ICC, in its calculation of the undercharges. The filed tariff rates are based on mileage tariff rates listed by the Household Goods Carrier's Bureau Mileage Guide ("HGCB Mileage Guide"). BTTY 239 and BTTY 290 list the HGCB Mileage Guide, ICC HGB 100 as the governing tariff. During the period when Brown provided transportation services for Defendant, Brown was not a party to the referenced HGCB Mileage Guide.

On March 26, 1992, Plaintiff filed a Motion for Summary Judgment, asserting that Brown is entitled to collect the full tariff rate filed with the ICC as a matter of law. *See* 49 U.S.C. § 10761. According to an Affidavit submitted by Stephen L. Swezey, the amount of the undercharges owed to Brown's estate is $50,603.45. Additionally, Plaintiff asserts that Defendant is liable for pre-judgment interest pursuant to state law. On April 24, 1992, Defendant filed a response to Plaintiff's Motion for Summary Judgment and a Cross Motion for Summary Judgment. In the response, Defendant argues that the filed rate with the ICC is unreasonable in relation to the rate originally charged to Defendant, and the factual issue of rate reasonableness should be referred to the ICC. In the Cross Motion for Summary Judgment, Defendant asserts that Brown's failure to participate in the HGCB Mileage Guide violates the regulations of the ICC, and renders void, as a matter of law, the tariff provisions upon which Plaintiff seeks to recover the undercharges.

In response to Defendant's Cross Motion for Summary Judgment, Plaintiff contends that the filed tariff rate has the force and effect of law notwithstanding any claimed violation of the ICC tariff filing rules. Plaintiff argues that the ICC may not nullify an effective tariff retroactively.

## CONCLUSIONS OF LAW

Both Plaintiff and Defendant have filed motions for summary judgment with each arguing that it is entitled to judgment as a matter of law. In accordance with Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, this Court will grant a motion for summary judgment only when there is no material issue of fact to be tried and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *on remand,* 826 F.2d 33 (D.C.Cir.1987), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The movant has the burden to establish that no such factual issue exists, *Id.* at 324, 106 S.Ct. at 2553, and the Court will read the opposing party's pleadings liberally. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Summary judgment is a drastic remedy, to be granted when there is no room for controversy. *In re Earhart,* 68 B.R. 14, 15 (Bankr.N.D.Iowa 1986); *In re Heath,* 60 B.R. 338, 339 (Bankr.D.Colo.1986).

Plaintiff contends in its Motion for Summary Judgment that a common carrier must charge and receive the amount set forth in the tariffs on file with the ICC. The ICC requires that all motor common carriers publish and file tariffs containing their transportation rates. 49 U.S.C. § 10761(a). Under § 10761(a), a "carrier may not charge or receive a different compensation for that transportation or service than the rate specified in the tariff." *Id.* Plaintiff argues that once a rate is filed with the ICC by the carrier, both the carrier and the shipper are bound by the filed rate. *Lowden v. Simonds–Shields–Lonsdale Grain Co.,* 306 U.S. 516, 520, 59 S.Ct. 612, 614, 83 L.Ed. 953 (1939). Plaintiff also relies on a recent Supreme Court decision which found that the ICC shall not deviate from the filed rate doctrine. *Maislin Industries, U.S. Inc. v. Primary Steel,* 497 U.S. 116, 110 S.Ct. 2759, 2770–2771, 111 L.Ed.2d 94 (1990). Plaintiff maintains further that every party to the shipment is

presumed to have constructive knowledge of the filed rate. *See Louisville & Nashville Railroad Co. v. Maxwell,* 237 U.S. 94, 98, 35 S.Ct. 494, 495–96, 59 L.Ed. 853 (1915). Based on the foregoing legal framework, Plaintiff asserts that Defendant is liable for the undercharges as a matter of law.

Defendant, however, asserts that Brown's filed tariff rates, BTTY 239 and BTTY 290, are void, and as a matter of law, incapable of supporting Plaintiff's undercharge claim. Defendant argues that the tariff rates were void since Brown failed to follow certain ICC regulations when it elected to publish a mileage rate. The mileage rates sought by Brown were published in the HGCB Mileage Guide. A mileage rate consists of two factors: 1) the rate per mile; and 2) the distance between the origin and destination to be multiplied by the rate per mile. 49 C.F.R. § 1312.30. The regulations further state that carriers like Brown have three alternative methods of establishing distances between the origin and destination of shipments: 1) publishing the distances between all locations covered by the distance rates in the same tariff; 2) referring to a map attached to the same tariff; or 3) referring to a separately filed distance guide tariff. 49 C.F.R. § 1312.30(c)(1).

In establishing the distances to be used for its mileage rates, Brown chose the third method. Brown's tariffs, BTTY 239 and BTTY 290, specifically state that each tariff is governed by the HGCB Mileage Guide, ICC HGB 100. Thus, the distance charges cannot be calculated by BTTY 239 and BTTY 290 without using the HGCB Mileage Guide, ICC HGB 100. The ICC regulations require carriers who use the third method to participate in the separate governing tariff. 49 C.F.R. § 1312.27(e). A carrier participates in a tariff filed by another carrier or carrier's agent by issuing a concurrence or power of attorney. 49 C.F.R. § 1312.4(d). If a carrier fails to issue an effective concurrence or power of attorney, its tariff is void as a matter of law. *Id.*

In support of its argument, Defendant relies on a recent decision by the ICC, *Jasper Wyman & Son, et al.—Petition for Declaration Order—Certain Rates and Practices of Overland Express,* 8 I.C.C.2d 246 (Jan. 30, 1992) (*"Jasper Wyman"*), which considered the identical mileage rate issue. In *Jasper Wyman,* Overland Express, Inc. ("Overland") alleged that Jasper Wyman & Son ("Jasper") owed Overland money for undercharges representing the difference between the filed rate and the lower rate. *Id.* at 247. Overland's tariff rate, filed with the ICC, referred to the HGB Mileage Guide 100 to establish the distances used in the shipments. *Id.* at 248. Overland did not participate in the HGB Mileage Guide 100 because there was no effective concurrence or power of attorney. *Id.* at 247. The ICC found that Overland's tariff was "not effectively on file" and therefore void. *Id.* at 256. In conclusion, the ICC held that because there was no effective occurrence or power of attorney pursuant to § 1312.4(d), "the mileage rate tariffs of Overland failed to provide the means for calculating freight charges, and may not serve as the basis for the undercharges sought by respondent." *Id.* at 263.

The Supreme Court has recently stated that "[j]udicial deference to reasonable interpretations by an agency of a statute that it administers is a dominant, well-settled principle of federal law.". *Nat. R.R. Passenger Corp. v. Boston & Me. Corp.,* — U.S. ——, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52 (1992). In a case following the ICC's decision in *Jasper Wyman,* the District Court of Minnesota held that the "ICC's interpretation of §§ 1312.4(d), 1312.-27(e) and 1312.30(c) is reasonable and that it is appropriate to defer to the special expertise and administrative discretion of the ICC." *Atlantis Express, Inc. v. Associated Wholesale Grocers, Inc.,* (Civil No. 4–90–254) 1992 WL 195426 (D.Minn., 4th Div. March 6, 1992) Slip op. at 9 (App. 1). Likewise, this Court concludes that the ICC's interpretation in *Jasper Wyman* is reasonable and therefore adopts the ICC's interpretation. The ICC's interpretation of § 1312.4(d) gives full effect to the plain meaning of the word "void" in that section.

■ Applying the ICC's interpretation to the present case, this Court finds that Brown did not participate in the HGCB Mileage Guide, ICC HGB 100 as required by § 1312.27(e) of the regulations. It is undisputed that Brown did not participate in the HGCB Mileage Guide, ICC HGB 100 because Brown did not execute a concurrence or power of attorney pursuant to § 1312.4(d). This Court concludes that Brown's failure to participate means that the tariffs, BTTY 239 and BTTY 290, were not properly on file with the ICC at the time the shipments occurred. Thus, the tariffs were void as a matter of law.

This Court rejects Plaintiff's argument that the ICC may not nullify an effective tariff retroactively. Plaintiff contends that Brown's tariffs were effective since they were filed with the ICC and had already gone into effect. *See Interstate Commerce Commission v. American Trucking Associations, Inc.*, 467 U.S. 354, 360, 104 S.Ct. 2458, 2462, 81 L.Ed.2d 282 (1984). The ICC in *Jasper Wyman* dismissed this argument stating that there was "no 'effective' tariff on file" since the mileage rate tariffs were void under the ICC regulations. *Jasper Wyman*, 8 I.C.C.2d at 258. In the present case, Brown also did not have effective tariffs on file with the ICC which were necessary to calculate the freight charges in the undercharge claim. Based on § 1312.4(d), this Court finds that Brown's tariffs, BTTY 239 and BTTY 290, were void and not in effect when Brown provided the transportation services for Defendant. Since the tariffs relied upon by Plaintiff are void and therefore incapable of supporting an undercharge claim, Defendant is entitled to summary judgment as a matter of law.

Accordingly, Defendant's Cross Motion for Summary Judgment is hereby GRANTED. Plaintiff's Motion for Summary Judgment is hereby DENIED. A separate judgment shall be entered accordingly.

IT IS SO ORDERED.