RAINBOW PIONEER # 44–18–04A, a
general partnership, et al.,
Plaintiffs-Appellees,

v.

HAWAII–NEVADA INVESTMENT COR-
PORATION, a Nevada corporation, et
al., Defendants-Appellants,

and

Herman B. Rothbard,
Defendant-Appellant.

Nos. 81–4327, 81–4378 and 81–4380.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1983.

Decided July 28, 1983.

Felix A. Maciszewski, Alan Van Etten, Honolulu, Hawaii, for defendants-appellants.

Paul Alston, Honolulu, Hawaii, for plaintiffs-appellees.

Before GOODWIN and HUG, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

### Introduction

The appellees filed this action for damages and for declaratory, injunctive and other equitable relief. They allege that appellants misled them into making certain investments and then diverted and embezzled their funds. The appellants appeal the district court order of default and partial default judgment which was entered

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Rothbard died while these appeals were pending. In an order dated May 11, 1983, this Court noted his death and ordered the appeals to continue. At oral argument, counsel stated that probate has commenced but a personal representative had not yet been appointed. The personal representative, once appointed, may be substituted for Rothbard. Fed.R. App.P. 43(a).

against them because they failed to comply with a magistrate's order to compel discovery. They contend the district court abused its discretion when it imposed such an extreme sanction.

Appellant Rothbard[1] also appeals the order requiring him and the other appellants to pay the fees and costs of the court-appointed receiver. He contends the receiver lacked authority to act because he failed to post the bond required by the order appointing him.

### Facts

The appellees are fourteen general partnerships and their individual partners. The appellants are Herman Rothbard and three related corporations he organized under the laws of Nevada: Hawaii-Nevada Investment Corp. (HNIC), Nevada Investment Corp. (NIC), and Nevada Acquisitions, Inc. (NAI).[2]

From 1976 to 1978, Rothbard, through HNIC and NIC, promoted and sold interests in general partnerships. The partnerships were formed to purchase from NAI, the third corporation, undeveloped land in Las Vegas for long-term appreciation. The appellants admit that the purchase price for the land was substantially above market value. The land was encumbered with trust deeds in favor of NAI. Appellees allege that the encumbrances were shams.

At the same time the individuals entered into these partnership agreements, the partnerships entered into management agreements with HNIC and NIC. The individual partners agreed to make monthly payments to a partnership. Each partnership then

Before Rothbard's death and while these appeals were pending, an involuntary petition in bankruptcy was filed against Rothbard. The bankruptcy judge lifted the automatic stay under 11 U.S.C. § 362 on all of Rothbard's appeals except CA 82–4112 (an appeal from the order holding Rothbard in civil contempt, see note 6, infra). The remaining appeals were ordered to continue as scheduled.

2. The corporate appellants are in bankruptcy under chapter 7 of the Bankruptcy Code. The automatic stay of proceedings was lifted by stipulation of the parties.

transferred these payments to HNIC and NIC, who in turn agreed to manage the property and pay the creditors.

On August 22, 1980, the appellees filed this action in the United States District Court for the District of Hawaii asserting seventeen claims for relief. Five claims for relief allege violations of federal laws.[3] The remaining claims for relief allege violations of state laws and common law fraud, conversion and breach of contract. The gist of the complaint was that appellants used partnership funds to pay expenses the partnerships had no obligation to pay and systematically embezzled partnership funds.

On January 20, 1981, the court appointed a receiver to take control of the partnerships' assets and records. The order required the receiver to post a $200,000 bond. The receiver moved to reduce the bond, but the court did not rule on the motion. The receiver never posted a bond. The receiver carried out his duties, and when the court eventually dissolved the receivership, the court set aside the bond requirement *nunc pro tunc* to January 20, 1981.

The court authorized the receiver to apply for fees and expenses every two months, and the parties were given ten days within which to object. No one objected to these applications. When the court dissolved the receivership, it ordered the appellants to pay the receiver's accumulated costs and fees. Only appellant Rothbard appeals that order (CA 81–4327). He contends that the receiver was not authorized to act because he did not post a bond.

Two other appeals arise out of appellants' failure to respond to appellees' interrogatories and request for production of documents.

On December 9, 1980, a magistrate granted appellees' motion to compel discovery and ordered appellants to (1) answer the interrogatories, (2) respond to the request for production of documents, and (3) produce the documents in the office of appellees' counsel in Hawaii. In his order, the magistrate warned that failure to comply would result in a default. Counsel for the appellants told the magistrate that it would be "no problem" to comply with the order.

The appellants did not produce the documents and offered no excuse for their failure. They answered some interrogatories but objected to the two critical ones which sought information on the amount of money they diverted. They offered to make their records available, but they did not do it. On April 15, 1981, on appellees' motion and after a hearing, the district court concluded that appellants had acted in bad faith and it entered a default against appellants on all claims. Two days later, the court found no just reason for delay,[4] and entered a partial default judgment for the amount of embezzled funds as established by affidavits of the receiver's accountant.[5]

Rothbard and the corporate defendants took separate appeals (CA 81–4378 and 81–4380). In this Court, they contend that the district court abused its discretion by imposing such an extreme sanction. They rely on their sworn statements which blame their former attorneys for the failure to respond and assert that the bankruptcy court and receiver had made demands for the same

---

3. Section 17 of the Securities Act of 1933, 15 U.S.C. § 77q; section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5; Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*; sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and section 3 of the Clayton Act, 15 U.S.C. § 14; and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

4. By order dated August 26, 1982, this Court denied the appellants' motion to dismiss the appeals for lack of jurisdiction, and the Court held that the judgments from which these appeals are taken were final judgments properly certified under Fed.R.Civ.P. 54(b).

5. The partial default judgment was only on the misappropriated funds. Litigation continues in district court on the remaining claims for relief. At oral argument, counsel for the appellants urged us to exercise our discretion and defer these appeals until the entire case is completed in district court so that the entire matter can be heard on appeal at once. We decline to do it.

documents the magistrate ordered them to produce.

The appellees point out that these sworn statements were not before the district court when it ruled on the motion. In fact, the appellants did not file them until after they filed their notices of appeal.

By order of this Court dated August 26, 1982, the appeals were consolidated.[6]

## Analysis

### A. Costs and Fees of the Receiver

Rothbard contends the district court erred in ordering the appellants to pay the costs and fees of the receiver. He relies on 28 U.S.C. § 754 which states:

> A receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

Appellants did not raise this contention in the district court. Rothbard offered no explanation for his failure to do it. *See Gard v. United States,* 594 F.2d 1230, 1235 (9th Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979). We need not consider a claim of error not raised below if the error might have been avoided had the issue been timely raised. *Siletz Trucking Co. v. Alaska International Trading Co.,* 467 F.2d 961, 964 (9th Cir.1972); *Westinghouse Electric Corp. v. Weigel,* 426 F.2d 1356, 1357 (9th Cir.1970). We therefore decline to address this issue, and we affirm the district court's order directing the payment of costs and fees to the receiver.

### B. Default and Partial Default Judgment

If a party fails to obey an order to compel discovery, the court may impose a judgment by default against the disobedient party. Fed.R.Civ.P. 37(b)(2)(C). On appeal, we must uphold a sanction imposed under Rule 37(b) unless the district court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *United States v. Sumitomo Marine & Fire Ins. Co.,* 617 F.2d 1365, 1369 (9th Cir.1978); *Von Poppenheim v. Portland Boxing & Wrestling Commission,* 442 F.2d 1047, 1049 (9th Cir.1971). In *G–K Properties v. Redevelopment Agency,* 577 F.2d 645, 647–48 (9th Cir.1978), we encouraged district courts to impose such a sanction for willful failure to comply with court orders enforcing discovery rules.

The district court found that the appellants failed to comply with the discovery order "without any credible explanation or excuse and despite repeated requests...." The court also found

> that the conduct of [appellants] was willful and unjustifiable, and the cause of substantial delays in the case which were prejudicial to the [appellees'] interests and detrimental to the expeditious conclusion of this case. The objections raised ... to the ... interrogatories were patently frivolous and interposed unjustifiably for delaying purposes. No response was ever made to [appellees'] Request for Production of Documents.

Appellants offer two excuses for their failure to produce documents. First, they contend that the magistrate's order was unreasonable, and therefore invalid, because it required them to produce documents in Hawaii even though many were kept in Nevada. However, in the court

---

**6.** A fourth appeal (CA 82–4112) was originally consolidated and scheduled to be heard with the other three. The fourth one was Rothbard's appeal of the district court's order holding him in civil contempt for failure to comply with various orders of the court. As a sanction, the court ordered Rothbard to pay damages for the loss of use of the funds he was alleged to have diverted and to pay the costs and attorney fees incurred by the appellees as a result of his contumacious behavior. The appeal was automatically stayed by the petition in bankruptcy filed against Rothbard, and the stay was not lifted. *See* note 1, *supra.* We defer hearing the appeal until the bankruptcy action is resolved or the stay is otherwise lifted, but we retain jurisdiction over the matter.

below, counsel announced that it would be "no problem" to produce the documents as ordered. They may not raise this objection for the first time on appeal. *See G–K Properties v. Redevelopment Agency, supra* (objection to dismissal of complaint for failure to comply with a discovery order may not be raised for the first time on appeal).

■ Second, appellants assert that their sworn statements show that their failure to produce documents was not willful or in bad faith. But these sworn statements were filed after they filed notices of appeal and were not part of the record at the time the district court made its ruling. In *Creamette Co. v. Merlino,* 289 F.2d 569, 570 (9th Cir.1961), we announced:

> [O]ur action on appeal can properly be based only upon a record considered by the trial court. It would be inappropriate for us to reverse the trial court on the basis of facts not incorporated in the record which the trial court considered at the time of its decision.

On the basis of the record made in the district court, appellants' contention that they acted in good faith is not supported by any evidence and their failure to produce was unexcused.

The appellants contend that the district court's finding that they failed to comply with the order requiring them to answer interrogatories is clearly erroneous. They assert that they failed to answer only two interrogatories, and that they objected to these but offered to make their records available.

The two interrogatories which appellants failed to answer went to the core of the dispute, the amount of money diverted. The district court found the objections frivolous, and the appellants do not challenge that finding. Instead, they contend they properly answered by offering to make their records available.

■ A party may answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection. Fed.R.Civ.P. 33(c). But the records must be speci-fied "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." The appellants did not comply with Rule 33(c). Their response did not specify where in the records the answers could be found. They merely recited that the answers could be found "in partnership books of accounts, banking accounts, records, computer print-outs, ledgers and other documents....". Rule 33(c) was amended in 1980 to prevent abuse of the business records option. The amendment was "to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Fed.R.Civ.P. 33(c) Notes of Advisory Committee on Rules (1980 Amendment to Subdivision (c)). We hold that appellants' response does not comply with Rule 33(c). In addition, appellants did not make the records available even after the court ordered them to do it.

Appellants also cite *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 505 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978) for the proposition that the district court must state its reasons before it enters a default judgment for failure to comply with a discovery order. Although we doubt that findings are required, *see* Fed.R.Civ.P. 52(a) and *Brunswick Corp. v. Doff,* 638 F.2d 108 (9th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 319, 70 L.Ed.2d 161 (1981), we need not decide that issue because the district court did make findings that are adequate even under *Wilson.*

We carefully reviewed the record and hold that the district court did not abuse its discretion in finding that the appellants' actions were willful and unjustifiable and in concluding that the sanctions imposed were appropriate. We therefore affirm the district court's order of default and partial default judgment.

The orders and judgments of the district court are

AFFIRMED.