In re TONG SEAE (U.S.A.), INC., a California corporation, Pacific Bubble Cell Company, Ltd., d/b/a American Bubble Corporation, f/d/b/a Fit–Trend Trading Co. Ltd., a Hong Kong corporation, Bridgeport Trading Company, Ltd., a California corporation, Debtors.

TONG SEAE (U.S.A.), INC., and Bridgeport Trading Co., Ltd., Appellants,

v.

EDMAR CORPORATION, Appellee.

BAP Nos. NC 87–1301 MoVAs, NC 87–1302 MoVAs.
Bankruptcy Nos. 4–85–03458C to 4–85–03460C.
Adv. No. 485–0352AC.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Oct. 29, 1987.

Decided Jan. 21, 1988.

Joseph A. Scanlan, Jr., Miller, Morton, Caillat & Nevis, San Jose, Cal., for appellants.

Laura Grad, Feldman, Waldman & Kline, San Francisco, Cal., for appellee.

Before MOOREMAN, VOLINN and ASHLAND, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises from a judgment entered by the Bankruptcy Court below dismissing with prejudice the appellants/debtors' adversary action against the appellee. The appellants' complaint alleged violation of the automatic stay, conversion and damage to personal property. The Bankruptcy Court dismissed the complaint with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), which allows for the dismissal of an action for failure to comply with discovery.[1] We affirm.

## FACTS

The defendant Edmar Corporation ("Edmar") is the lessor of certain real property located in New Jersey. After obtaining a New Jersey state court judgment for possession of the premises, the lessee/debtors ("appellants") filed a Chapter 11 petition in California which stayed the execution of the judgment. On November 14, 1985, the bankruptcy court entered an order approving the rejection of the subject lease. On November 21, 1985, the appellants filed their adversary action against Edmar requesting injunctive relief and damages.

On August 1, 1986, Edmar served the appellants' counsel of record (Mr. Thomp-

---

1. Fed.R.Civ.P. 37 is made applicable to bankruptcy proceedings by Bankruptcy Rule 7037.

son), with the First Set of Interrogatories and a Request for Production of Documents with a response deadline of September 3, 1986. On August 15, 1986, a second set of interrogatories was served with a response deadline of September 17, 1986.

On August 28, 1986, Edmar's attorney ("Ms. Grad") wrote Mr. Thompson, enclosing a copy of a stipulation extending the discovery cut-off date to October 20, 1986 and granting the appellants five (5) additional days to file their responses originally due September 3, 1986. Ms. Grad explained that she was not willing to extend the response time past September 8, 1986, because depositions had been scheduled for the next day (September 9, 1986), in Massachusetts. On September 9, 1986, the appellants had failed to comply with the agreed extension and Ms. Grad wrote a letter to Mr. Thompson stating that she would not consent to the failure to meet the deadline and that Edmar would seek recovery of costs.

On September 15, 1986, Ms. Grad wrote to Mr. Thompson to confirm their agreement to depose Mr. Yeh (a principal of the debtors), on September 26, 1986. The letter also "confirmed" Mr. Thompson's assurance that the responses to the interrogatories and document requests would "be in [Ms. Grad's] hands prior to the date of Mr. Yeh's deposition." However, on September 24, 1986, a Mr. Scanlan contacted Ms. Grad and stated that he would be representing the appellants in the adversary proceeding.

Ms. Grad agreed to postpone the deposition of Mr. Yeh to October 15, and 16, because of Mr. Scanlan's "inability to complete responses to the interrogatories and document requests prior to the September 26 deposition date." The agreement to continue the deposition was conditioned on the receipt of a substitution of attorney prior to September 26, 1986. No "substitution" was received, and in a letter dated September 29, 1986 to Mr. Scanlan, Ms. Grad again requested written confirmation as to who was the actual attorney of record. The letter also "confirmed" the parties agreement that the responses to the discovery requests would be delivered "no later than October 8, 1986."

Although, Mr. Scanlan reassured Ms. Grad that the October 8th deadline would be complied with, the requested documents and answers to interrogatories were not delivered. Ms. Grad again wrote to Mr. Scanlan insisting that the discovery be complied with so that she could prepare for Mr. Yeh's deposition. On October 14, Ms. Grad learned that Mr. Yeh had left the country a few days earlier. Ms. Grad immediately wrote Mr. Scanlan "postponing" Mr. Yeh's deposition to October 22 and 23 and stated that Edmar would seek sanctions if the interrogatories and requested documents were not delivered by October 16. Again, the deadline passed without compliance with the discovery requests.

On October 24, 1986, Edmar filed a Motion to Dismiss for Failure to Comply with Discovery. The appellants, through Mr. Scanlan, filed an opposition to the motion arguing (1) that Mr. Scanlan had been hampered due to the large number of interrogatories and requests for documents, (2) that the principal of the corporation (Mr. Yeh) spent much of his time "outside the U.S.," and (3) that "extensive discovery" had already been completed by Edmar.

The hearing on the motion to dismiss was set for November 24, 1986 and immediately before the hearing, Mr. Scanlan delivered the responses to the First Set of Interrogatories to Ms. Grad. At the hearing, Mr. Scanlan argued for the first time that the requested documents were in the hands of the "real party in interest" Packaging Industries, which had received the machinery allegedly damaged by Edmar. Mr. Scanlan further argued that Edmar had been provided with all the necessary documents at the time of the deposition of Packaging Industries. Apparently, when Ms. Grad had taken the deposition of Packaging Industries, located in Massachusetts, she had been given *"access* to six thousand documents."[2] Mr. Scanlan stated at the hear-

---

2. Ms. Grad argued at the hearing on her motion to dismiss that "access" to the documents

ing that he could have the documents photocopied and sent to Ms. Grad.

On December 5, 1986, the bankruptcy court entered an Order re Sanctions for Failure to Make Discovery. The court awarded attorney's fees for the appellants' delays, however, it determined that dismissal of the action was not warranted. The court further ordered that the remaining discovery requests were to be complied with by January 5, 1987. The order also explicitly warned that failure to so comply would result in dismissal.

Pursuant to the award of attorney's fees, Ms. Grad served on Mr. Scanlan a declaration dated December 17, 1986. The declaration was received by Mr. Scanlan on December 22, and made specific reference to the December 5th order. Mr. Scanlan, however, had not received a copy of the court's order and on December 29, 1986 requested a copy from the bankruptcy clerk.[3] The order was received by Mr. Scanlan on December 31, 1986, and on January 5, 1987, he sent a letter to Ms. Grad stating:

> I trust, ... (1) you have reviewed the Answers to Interrogatories [First Set] and are satisfied as to their scope and sufficiency; and (2) that you have accepted my representation that all documents available to the plaintiff debtors had been previously provided to you by Packaging Industries. If not, please be advised that no documents responsive to your request exist in the hands of the Plaintiff.

The letter also asked whether Edmar "wished to have the documents from Packaging Industries reproduced." In a letter dated January 13, 1987, Ms. Grad reemphasized Edmar's position that Mr. Scanlan had not yet complied with the request for document production.

On January 9, 1987, Edmar filed a Motion to Dismiss for Failure to Comply with Court Order re Discovery. The court set the hearing for January 30, 1987 and ordered that written opposition to the motion be served by hand on Edmar's counsel and filed no later that January 23, 1987.

On January 23, 1987, the appellants filed an opposition to the motion to dismiss and again argued that they had substantially complied with discovery. More specifically, appellants stated that the requested documents had been "previously provided" to Edmar at the time of the Massachusetts depositions. Further, Mr. Scanlan argued that he had not been given proper notice of the December 5, 1986 order. Although, the order setting the time for the hearing required that the opposition be served by hand by January 23, 1987, Edmar states in its Brief that it was received (through Federal Express) on January 27, 1987, three days before the hearing.

The hearing on Edmar's second motion to dismiss took place on January 30, 1987. The court pointed out that even up until that date, the appellants had not complied with the December 5, 1986 order. The court also stated that the appellants had sufficient time to answer the Second Set of Interrogatories because they were not only served on Mr. Thompson in August 1986, but a copy had also been attached to the first motion to dismiss which had been served on Scanlan in November. As to the lack of notice of the December 5, 1986 order, the court stated that the delay in receiving the order might have been avoided if Mr. Scanlan had formally substituted into the case.

On February 25, 1987, the bankruptcy court entered Findings of Fact and Conclusions of Law. The first Notice of Appeal was filed two days later. On March 3, 1987, a Judgment was entered dismissing

---

amounted to her being shown the "room full of filing cabinets" and that there was no way she could determine from all of Packaging Industries' records, which documents were necessary to support the appellants' allegations.

**3.** Apparently, the lack of notice of the December 5th order was due to the continued failure to

obtain an order appointing Mr. Scanlan's firm as special counsel in the adversary proceeding. Thus, although Mr. Scanlan had appeared on behalf of the debtor/appellants on two prior occasions, notice of the order had not been sent to him.

the adversary action with prejudice and the second Notice of Appeal was filed March 13, 1987.

## DISCUSSION

 In reviewing an order of dismissal under Fed.R.Civ.P. 37(b)(2)(C), a reviewing court must determine whether the lower court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Under the abuse of discretion standard, this Panel must have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached," before reversal is proper. *Mission Indians v. American Management,* 824 F.2d 710, 724 (9th Cir.1987).

### I.

 Appellants argue that the sanction of dismissal is inappropriate because they had substantially complied with Edmar's discovery requests. In addressing the issue of sanctions under Fed.R.Civ.P. 37(b)(2) the Ninth Circuit has stated, "[f]airness demands that the severe sanction of default may not be imposed under Rule 37(b)(2) 'in the absence of *willfulness, bad faith, or fault.*'" *Fjeldstad v. American Honda Motor Co.,* 762 F.2d 1334, 1340 (9th Cir.1985) (emphasis added) (citing *Munoz–Santana v. I.N.S.,* 742 F.2d 561, 564 (9th Cir.1984)). The *Fjeldstad* court reversed the trial court's granting of a partial default judgment because of the defendant's failure to supplement its answers to the plaintiffs' interrogatories as required by a court order. The *Fjeldstad* court determined there was no evidence that the defendant's actions were willful because the defendant may have believed that a second court order modified its obligations. *Id.* at 1341.

In the instant case, the trial court found that the appellants failed to produce a *written response* to Edmar's document request, failed to produce the documents, and failed to answer Edmar's Second Set of

Interrogatories, and had thereby violated the express terms of the bankruptcy court's order.[4] The record supports the trial courts conclusion. Once the appellants received notice of the December 5, 1986 order, it was no longer reasonable to refuse to comply with the order. Mr. Scanlan had over one month (from the time he received notice of the December 5, 1986 order to the date of the hearing on the motion to dismiss) to comply with the discovery order. He could no longer in *good faith* argue that he had complied with the document requests or the second set of interrogatories.

The appellants cite the case of *Searock v. Stripling,* 736 F.2d 650 (11th Cir.1984), for the proposition that the trial court's dismissal was inappropriate because the requested documents were in the hands of a third party (Packaging Industries) over whom they had no legal control. However, in the instant case, it is undisputed that the appellants had the ability to produce the required documents and therefore the *Searock* case is distinguishable.

### II.

 In a bankruptcy setting, the Ninth Circuit has looked at several factors in determining whether a trial court has abused its discretion in the sanctions imposed under Fed.R.Civ.P. 37. *In re Rubin,* 769 F.2d 611, 616 (9th Cir.1985). These factors include notice and warning, lesser alternative sanctions, prejudice to opposing parties and severity of the sanctions. *Id.* In a more recent case, the Ninth Circuit has likewise stated:

[i]n determining whether an abuse of discretion has occured, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternative sanctions, and the existence of warning to the party occasioning delay.

*Neptune Orient,* 811 F.2d at 499 (citations omitted). A final factor the Ninth Circuit

---

4. It is clearly recognized that the "'plaintiff[s] cannot avoid ... dismissal by arguing that [they are] innocent part[ies] who will be made to suffer for the errors of [their] attorney.'" *Ham-*

*ilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 500 (9th Cir.1987) (quoting *Anderson v. Air West, Inc.,* 542 F.2d 522, 526 (9th Cir.1976).

has consistently emphasized is that "the sanction must specifically relate to the particular claim at issue in the order." *E.g. United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986).

### 1. Notice and Warning

In the instant case, it is undisputed that the trial court issued a clear order on December 5, 1986, which required the appellants to comply with the discovery requests, namely the production of documents and answers to the second set of interrogatories, by the January 5, 1987 deadline or the action would be dismissed. Thus, the warning clearly set forth the eventual consequences. *See e.g. Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Investment Corp.*, 711 F.2d 902, 904 (9th Cir.1983) (affirming a default order when the prior discovery order contained a warning that failure to comply would result in default). The appellants argue, however, that they did not receive adequate notice of the warning in time to complete the required discovery.

In the December 5, 1986 order, the trial court gave the appellants an additional month to comply with the discovery requests. The appellants admit to having received actual notice of the order on December 31, 1986. Thus, they still had a comparative amount of time (until January 30, 1987), in which to comply with the order before the hearing on the motion. This they failed to do. Further, the failure of Mr. Scanlan to obtain earlier notice of the order can be directly traced to the appellants' failure to have Mr. Scanlan appointed as substitute counsel and Mr. Scanlan's failure to file a substitution of counsel. Based upon the facts of the instant case, the appellants had sufficient notice and warning of the eventual consequence of dismissal.

### 2. Lesser Alternative Sanctions

"The structure of Rule 37(b) necessarily suggests that a trial court should consider lesser sanctions before resorting to dismissal or default." *In re Rubin*, 769 F.2d at 617 (citations omitted). The *Rubin* court specifically made reference to the fact that the bankruptcy court had failed to order lesser sanctions before essentially entering a judgment of default. In the instant case, however, the bankruptcy court had already sanctioned the appellants with attorney's fees for their failure to comply with the discovery requests. Thus, lesser alternative sanctions had been imposed. Although it may be argued that the court could have imposed a lesser sanction by imposing attorney's fees for a second time, eventually there comes a time when repeated non-compliance must end. In this regard, the Ninth Circuit has recognized that a court's need to manage its docket is a "legitimate concern." *Neptune Orient*, 811 F.2d at 500. Considering the ever increasing case load on the bankruptcy courts, the courts must be allowed to eliminate those cases in which a party continues to drag his feet.[6]

### 3. Prejudice to Opposing Parties

In the *Rubin* case the Ninth Circuit stated, "[t]he degree to which a party is prejudiced by his opponent's failure to permit discovery is an important factor in determining the severity of the sanction." *In re Rubin*, 769 F.2d at 617. In the *Rubin* case, the parties were "ready for trial." *Id.* In the instant case, however, the record supports the finding that Edmar had clearly been prejudiced. Ms. Grad stated in both motions to dismiss that without the requested documents, she could not determine the basis of the appellants' claim. Further, depositions had to be repeatedly postponed because Ms. Grad could not adequately prepare for the depositions without the documents. Because of the necessity for continuing Mr. Yeh's deposition, Edmar apparently lost the opportunity to depose him because he left the country. It appears from the record, that the prejudice to Edmar was more than just increased costs and fees, thereby warranting dismissal.

### 4. Severity of Sanctions

In looking to this final factor the Ninth Circuit essentially compares the subject

---

**6.** Apparently the appellants had not initiated any discovery during the year-and-a-half in which the case had been pending.

case to previous cases which have allowed the imposition of severe sanctions. *See In re Rubin,* 769 F.2d at 618–19. The Ninth Circuit stated:

> Rubin's conduct simply does not rise to the level of contumaciousness involved in other cases in which we have affirmed the use of severe sanctions. *See e.g. Rainbow Pioneer,* [*supra*] 711 F.2d at 904–06 (defendants failed to produce documents for four months after court order, raised frivolous objections to two key interrogatories, stated that answers to interrogatories could be found in partnership books, but did not specify precisely where in books the answers could be found); *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d [585] at 589–91 [9th Cir.1983] (defendants falsely denied material fact, deliberately deceived trial court, repeatedly attempted to frustrate document production); *United States v. Sumitomo Marine & Fire Insurance Co.,* 617 F.2d [1365] at 1367–68, 1370 [9th Cir.1980] (eighteen months of delays and failures to comply with court ordered discovery); *G–K Properties v. Redevelopment Agency.* 577 F.2d [645] at 647 [9th Cir.1978] (plaintiffs failed to produce documents for four months and despite three court orders).

*Id.*

The record in the instant case evidences a similar degree of obstructionist conduct in the continued disregard for discovery requirements and promises made by the appellants' attorney.

### 5. Relation to the Particular Claim at Issue

The Ninth Circuit has consistently stated that a sanction must specifically relate to the particular claim at issue. *E.g. National Medical Enterprises,* 792 F.2d at 910. In the instant case the appellants argued at the hearing on the motion to dismiss that rather than dismissal the trial court could issue an order barring proof contrary to information already received by Edmar. However, Edmar was in need of the specific documents in order to determine the basis of the appellants' claim. If indeed the court had issued an order barring proof contrary to the limited discovery already obtained by Edmar, the appellants' would essentially have been unable to establish their claim. Further, Edmar was seeking the names of the appellants' employees in the Second Set of Interrogatories so it could seek additional evidence as to possible defenses. The appellants' lack of compliance prevented Edmar from sufficiently exploring possible defenses. Given the facts of the instant case, dismissal of the appellants' action was directly related to the particular issue, that being the lack of evidence supporting the basis of the appellants' complaint.

### CONCLUSION

The Ninth Circuit has stated, "[a] district judge's determination that an order was not complied with is entitled to considerable weight because the district judge is best equipped to assess the circumstances of the noncompliance." *National Medical Enterprises,* 792 F.2d at 911. Based on the record before this Panel, the appellants have failed to establish that the trial court committed a "clear error of judgment" in dismissing the action.

Accordingly, the trial court's order is AFFIRMED.