In re LORETTO WINERY, LTD., Debtor.

BELL FLAVORS & FRAGRANCES, INC., Appellant,

v.

Paul B. ANDREW, Trustee, Appellee.

BAP Nos. NC–88–1575–MeMoV, NC–88–1626–MeMoV.

Bankruptcy No. 4–85–04121 WA.

Adv. No. 3–87–0654 TC (OAK).

United States Bankruptcy Appellate Panel for the Ninth Circuit.

Argued and Submitted July 20, 1989.

Decided Sept. 29, 1989.

James S. Mori, Stokes, Welch & Stromsheim, San Francisco, Cal., for appellant.

Jeremy D. Weinstein, Buchalter, Nemer, Fields & Younger, San Francisco, Cal., for appellee.

## OPINION

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

### I

We are asked whether Section 547(c)(2)(C) of the Bankruptcy Code embodies an objective standard and whether an order awarding expenses pursuant to Rule 37 of the Federal Rules of Civil Procedure constituted an abuse of discretion. We AFFIRM.

### II

### FACTS

Loretto Winery, Ltd. ("Loretto") was supplied with natural and artificial flavorings to use in manufacturing consumer goods. The supplier, Bell Flavors & Fragrances, Inc. ("Bell"), shipped the flavorings under invoices which required payment within 30 days, but systematically accepted late payments. Eventually, during the 90 days which preceded Loretto's petition in bankruptcy, four transfers were made to Bell in satisfaction of similar antecedent debts. The transfers were themselves from 25 to 67 days late.

The trustee charged with administering the bankruptcy estate brought a complaint to avoid the transfers as preferences. Bell opposed the complaint, conceding that while the transfers fell within that definition, they were nevertheless immune from avoidance under 11 U.S.C. § 547(c)(2). Bell premised its contention on the notion that Section 547(c)(2) embodies nothing more than a subjective standard, i.e., that relief is available under the provision if the challenged transfer is consistent with the past practice of the debtor and the transferee.

While a hearing on the matter was pending, the trustee sought the immediate production of certain documents in Bell's possession to evaluate the merits of Bell's defense. Counsel for Bell responded that four months would be required to produce the requested documents, citing the distance between counsel and client as the justification for the delay. The trustee was dissatisfied with the anticipated response time and so submitted formal interrogatories and requests for production, once again demanding swift action. Bell answered the renewed request, but indicated that the deadline would be conditioned on the return of an absent Bell employee. Dissatisfied and under the pressure of discovery deadlines, the trustee filed a motion to compel production under Rule 37 of the Federal Rules of Civil Procedure.

A hearing on the motion was held, at which Bell urged in opposition that the trustee had failed to schedule a formal conference to "meet and confer" upon the issues and that he had not obtained a "certificate of compliance," both burdens under the local rules of court.[1] The trial court rejected these arguments, however, concluding on June 16, 1988, that the trustee had satisfied the "meet and confer" requirement of the relevant local rule through his discussions with Bell prior to the hearing. The court thereupon entered an order compelling discovery over the objections of Bell, and, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, ordered Bell to pay $750 to cover the expenses which the trustee had incurred in prosecuting the motion. Bell appealed,

1. Bell asserts that the trustee violated Local Rule 230–4(b) for the District Court for the Northern District of California, which requires a party to serve and file a "certificate of compliance" prior to moving to compel discovery, and Local Rule 230–4(a), which compels the same party to "meet and confer" with the party against whom discovery is sought.

urging that the award of expenses was improper.

On July 7, 1988, the trial court held that the transfers sought to be avoided by the trustee were indeed avoidable as preferences. It rejected the notion that the transfers were immunized under Section 547(c)(2) on the ground that Bell had failed to prove that the transfers were made according to "ordinary business terms," a condition which was said to embrace an objective standard to be shown by the custom in the industry in which the parties were engaged. Bell appealed and its two appeals were thereafter consolidated.

### III

### STANDARD OF REVIEW

In resolving this appeal, we determine first whether 11 U.S.C. § 547(c)(2)(C) embodies a purely objective standard, an issue subject to de novo review, and second whether the order awarding the trustee expenses was appropriate under the circumstances, an issue subject to review for an abuse of discretion. *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1469 (9th Cir. 1988); *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986); *In re Walter*, 83 B.R. 14, 17 (9th Cir. BAP 1988); *In re Lewis*, 79 B.R. 893, 895 (9th Cir. BAP 1987). The trial court answered both questions in the affirmative.

### IV

### DISCUSSION

A. *The Ordinary Course of Business Exception*

A party in receipt of a challenged preferential transfer must satisfy three conditions to be afforded relief under the "ordinary course of business" exception of Section 547(c)(2). The challenged transfer must be:

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

■ It was the conclusion of the trial court that the third of these conditions, subparagraph (C), embodied an objective standard to be shown by the custom in the industry in which the transferee and debtor are engaged. We agree, for to graft upon the relevant terms anything but an objective yardstick would either ignore the operative nomenclature altogether, thereby making it a nullity, or interpret it in a manner which duplicates the requirement of subparagraph (B), thereby making it superfluous. *In re Steel Improvement Co.*, 79 B.R. 681, 684 (Bkrtcy.E.Mich.1987). Such a construction would run contrary to settled principles of construction by impermissibly rendering the statute inoperative or superfluous, and by failing to give effect to all the words employed by Congress. *Mountain States Tel. & Tel. Co. v. Santa Ana*, 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337–39, 99 S.Ct. 2326, 2330–31, 60 L.Ed.2d 931 (1979); *Colautti v. Franklin*, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979); *Nieto v. Ecker*, 845 F.2d 868, 873 (9th Cir.1988).

We hold, as did the trial court, that a challenged transfer is "ordinary" under the terms of subparagraphs (A) and (B) if it is proved to be within the prior course of dealings between "the debtor and the transferee." However, because the terms of subparagraph (C) contain no such reference and would otherwise be deprived of operative effect if dependent on or subsumed in (A) and (B), we must conclude that the provision requires proof that the challenged transfer was made pursuant to an objective standard based on practices common to businesses similarly situated to the debtor and transferee. Broome, *Payments on Long–Term Debt as Voidable Preferences: The Impact of the 1984 Bankruptcy Amendments*, 1987 Duke L.J. 78, 84–86 (1987); DeSimone, *Section*

*547(c)(2) of the Bankruptcy Code: The Ordinary Course of Business Exception Without the 45 Day Rule,* 20 Akron L.Rev. 95, 117 (1986). The record of prior conduct of the debtor and transferee is so random and haphazard that it yields no reasonable, ascertainable boundaries. Transfers made in accordance with such conduct will not be considered "ordinary" under Section 547(c)(2)(C) without a showing that they otherwise satisfied an objective standard. DeSimone, *supra,* at 126.

Bell produced no objective evidence at all. The result reached by the trial court was therefore consistent with the language of Section 547(c)(2)(C), as well as with the majority of jurisdictions which have considered the issue. *Windsor Communications Group v. Freedom Greeting Card Co., Inc.,* 63 B.R. 770, 775 (E.D.Pa.1986); *In re SPW Corp.,* 96 B.R. 676, 680 (Bkrtcy. N.Tex.1989); *In re Morren Meat and Poultry Co. Inc.,* 92 B.R. 737, 741 (W.D. Mich.1988); *Matter of Unimet Corp.,* 85 B.R. 450, 453 (Bkrtcy.N.Ohio 1988); *Steel Improvement, supra,* 79 B.R. at 683–84; *In re Magic Circle Energy Corp.,* 64 B.R. 269, 272 (Bkrtcy.W.Okla.1986); *In re Alpex Computer Corp.,* 60 B.R. 315, 318 (Bkrtcy. Colo.1986); *In re Production Steel, Inc.,* 54 B.R. 417, 423 (Bkrtcy.M.Tenn.1985).

B. *Propriety of the Award of Attorney's Fees*

 Attorney's fees are awarded under Rule 37(a)(4) of the Federal Rules of Civil Procedure upon the granting of a motion to compel discovery unless the opposition to the motion is substantially justified or other circumstances make an award of expenses unjust.

> If the motion [to compel discovery] is granted, the court shall, after opportunity for hearing, require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4). *See In re Tong Seae (U.S.A.), Inc.,* 81 B.R. 593, 594 n. 1 (9th Cir.

BAP 1988) (F.R.Civ.P. 37 made applicable to bankruptcy proceedings by Bankruptcy Rule 7037). The trial court was of the opinion that the information sought by the trustee was discoverable and that conditions did not exist which warranted its refusal to impose costs and expenses. Given the equivocal justifications advanced by Bell in opposition to the motion, we cannot arrive at the definite and firm conviction which is necessary for a finding that the trial court committed a clear error of judgment. *Mission Indians v. American Mgmt. & Amusement, Inc.,* 840 F.2d 1394, 1408 (9th Cir.1987); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985).

The trustee's alleged failure to comply with local rules in obtaining the order to compel discovery does not merit a determination to the contrary. In any event, a bankruptcy court has discretion to excuse strict compliance with local rules. *See In re Comer,* 27 B.R. 1018, 1022–23 (9th Cir. BAP 1983), *aff'd on other grounds,* 723 F.2d 737 (9th Cir.1984) (bankruptcy court may allow filing and consideration of opposition papers later than the deadline set by local rules especially when detrimental reliance or other prejudice has not been demonstrated). Further, we permit trial courts broad discretion in determining the requirements of their general orders and local rules. *See Guam Sasaki Corp. v. Diana's, Inc.,* 881 F.2d 713 (9th Cir.1989).

IV

CONCLUSION

Section 547(c)(2)(C) of the Bankruptcy Code embraces an objective standard requiring transfers to be made according to terms common to those of businesses similarly situated to the debtor and transferee. The order awarding the trustee his expenses under Rule 37 of the Federal Rules of Civil Procedure was justified under the circumstances.

AFFIRMED.