**In re HOMES OF PORT CHARLOTTE FLORIDA, INC., Debtor.**

**Diane L. JENSEN, Trustee in Bankruptcy, Plaintiff,**

v.

**RAYMOND BUILDING SUPPLY CORPORATION, Defendant.**

**Bankruptcy No. 88–4967–9P7.**
**Adv. No. 89–213.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 3, 1990.

Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, for plaintiff.

Jeffrey W. Leasure, Fort Myers, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Complaint filed by Diane L. Jensen as Trustee in Bankruptcy (Trustee) which seeks a determination by this Court that certain transfers by the Debtor to Raymond Building Supply Corporation (Defendant) within 90 days of the filing of the Chapter 7 Petition for Relief should be avoided as a preferential transfer pursuant to § 547 of the Bankruptcy Code. The Defendant raises the ordinary course of business exception under § 547(c)(2) as an affirmative defense, although the parties agree that in addition, new value was given by the Defendant to the Debtor in the amount of $12,641.61.

The following facts were stipulated to by the parties:

The Debtor filed its Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on August 25, 1988. The Debtor is a general contractor which purchased supplies on a regular basis from Raymond Building Supply Corporation (Defendant), with its principal place of business in Port Charlotte, Florida. Prior to the filing of the bankruptcy Petition, the Debtor had an open account with the Defendant and was granted a 2% discount if it paid its invoices on the 10th of the month, the net due on the 11th of the month, although the Debtor claims that an account did not become a problem until 90 days overdue.

The Debtor made four payments to the Defendant during the preference period as follows (Pl. Exh. A):

| Date | Amt. Paid | Invoices |
|---|---|---|
| June 15, 1988 | $17,101.23 | 15 invoices ranging from 82 to 102 days old |
| June 24, 1988 | $10,987.01 | 25 invoices ranging from 63 to 88 days old |
| July 15, 1988 | $11,832.79 | 11 invoices ranging from 82 to 109 days old |
| August 8, 1988 | $10,000.00 | 15 invoices ranging from 96 to 108 days old |

Prior to the preference period, invoices were generally paid within 28 to 76 days from the date of the invoice. (Pl.Ex. A)

The Defendant has asserted as an affirmative defense the ordinary course of business exception of § 547(c)(2), which provides:

§ 547. **Preferences**

(c) The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of

business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms; . . . .

In order to prevail under this theory, the defendant must establish that the debt was incurred and payment was received within the ordinary course of business. In *In re Websco, Inc.,* 92 B.R. 1 (Bkrtcy.D.Me.1988), the court set out the factors to be considered in determining whether payments are protected under § 547(c)(2). They are 1) the prior course of dealings between the parties; 2) the amount of the payments; 3) the timing of the payments; and 4) the circumstances surrounding the payments. This is commonly known as the vertical test as outlined in *In re Johns Mansville Corp.,* 60 B.R. 612 (Bkrtcy.S.D.N.Y.1986) which held that the primary focus of the vertical dimension is on the debtor's internal operation and working, and requires an analysis of the debtor's transactions with a particular creditor and whether the circumstances of both transactions have undergone any changes. *See In re Websco, supra; In re First Software Corp.,* 81 B.R. 211 (Bkrtcy. D.Mass.1988).

The Defendant stated that payment terms were due on the 11th of the month and past due on the 25th of the month. Although the Debtor generally paid its invoices within 28–76 days from the date of the invoice prior to the preference period, the payment interval increased from 63 days to 109 days during the preference period. Even though the payments prior to the preference period were generally later than the invoice terms, clearly, the dealings between the parties changed during the preference period.

Based on the foregoing, this Court is satisfied that the dealings between the parties during the preference period were not in the ordinary course of business and that, therefore, any payment made beyond 76 days from the date of the invoice is a preference and outside the protection of § 547(c)(2) of the Bankruptcy Code.

There is no dispute, however, that during the preference period, the Defendant gave the Debtor new value in supplies totalling $12,641.61 as follows, which results in a net preference of $37,279.52, together with interest from January 12, 1989, as well as costs.

EXHIBIT B

| 1987 | Payment | New Value | Net Preference |
|---|---|---|---|
| 6/15 | $17,101.23 | | $17,101.23 |
| 6/24 | 10,987.01 | | 28,088.24 |
| 7/15 | 11,832.79 | | 39,921.03 |
| 7/20 | | $3,308.77 | 36,612.26 |
| 7/25 | | 302.27 | 36,309.99 |
| 7/25 | | 60.98 | 36,249.01 |
| 7/26 | | 3,528.79 | 32,720.22 |
| 7/27 | | 8.43 | 32,711.79 |
| 7/27 | | 88.18 | 32,623.61 |
| 7/27 | | 235.00 | 32,388.61 |
| 7/27 | | 322.27 | 32,066.34 |
| 7/27 | | 130.73 | 31,935.61 |
| 7/29 | | 84.74 | 31,850.87 |
| 7/29 | | 281.88 | 31,568.99 |
| 7/29 | | 272.17 | 31,296.82 |
| 8/01 | | 2,631.33 | 28,665.49 |
| 8/01 | | 1,343.70 | 27,321.79 |
| 8/08 | 10,000.00 | | 37,321.79 |
| 8/09 | | 42.37 | 37,279.42 |

Based on the foregoing, Diane L. Jensen, Trustee, may recover $37,279.52 from Raymond Building Supply Corporation, Defendant, as a preferential transfer pursuant to § 547 of the Bankruptcy Code.

A separate Final Judgment will be entered in accordance with the foregoing.