962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Gary S. JANZEN, dba the Janzen Group, fdba Janzen
Creative Services, fdba Continuum, fdba Janzen
Mullins, fdba Delaney Janzen, Debtor.
James M. FORD, as Trustee of the Estate of Gary S. Janzen,
Plaintiff-Appellant,
v.
The FRESNO BEE, Defendant-Appellee.
 No. 91-15548.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1992.*
Decided April 29, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant James M. Ford, trustee of the estate of Gary Janzen, appeals the district court's reversal and remand of the bankruptcy court's decision for further proceedings. We DISMISS for lack of jurisdiction.
 
 
 3
 The district court reversed and remanded the case to the bankruptcy court to allow development of further factual evidence regarding 11 U.S.C. § 547(c)(2)(C). The Ninth Circuit has jurisdiction to hear appeals from "all final decisions, judgments, orders, and decrees" entered by either the Bankruptcy Appellate Panel or the district court. In re Stanton, 766 F.2d 1283, 1285 (9th Cir.1985) (emphasis added). The Ninth Circuit has no jurisdiction if the district court remands the case for further factual development. In re Victoria Station, Inc., 840 F.2d 682, 684 (9th Cir.1988).
 
 
 4
 There are two instances where this court may take jurisdiction despite the case being remanded for further fact-finding by the district court: (1) if a central legal issue is involved, the resolution of which would obviate the need for further fact-finding; or (2) if the resolution of a central legal issue would materially aid the case on remand. Stanton, 766 F.2d at 1288 n. 8.
 
 
 5
 This court does not find the present case falls within either of the two exceptions. We are certain that the bankruptcy court will apply the proper law to all aspects of the case on remand without the need of this court's intervention and will apply the correct burden of proof on the proper party based upon In re Loretto Winery, Ltd., 107 B.R. 707 (Bankr. 9th Cir.1989). The district court's order remanding the case to the bankruptcy court for further proceedings was not a final order over which this court has jurisdiction. The appeal is therefore DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3