**In re BROWN TRANSPORT TRUCK-LOAD, INC., Brown Transport Co., Inc., Brown Transport Corp., BTR Realty, Inc., Service Contractors, Inc., Wilkes Equipment Co., Inc. and Thurston Motor Lines, Inc., Debtors.**

**Robert E. BRIZENDINE, Chapter 7 Trustee for Brown Transport Corp., Plaintiff,**

**v.**

**BARRETT OIL DISTRIBUTORS, INC., Defendant.**

**Bankruptcy Nos. A89–12515–WHD to A89–12521–WHD.**

**Adv. No. 91–6774A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 27, 1992.

Carter L. Stout, Lamberth, Bonapfel, Cifelli, Willson & Stokes, P.A., Atlanta, GA, for plaintiff.

J. Thomas Whelchel, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment filed on March 2, 1992 by the plaintiff in the above-referenced adversary proceeding, Robert E. Brizendine ("Plaintiff"), as Trustee for Brown Transport Corporation ("Debtor"). In the Motion, Plaintiff requests that the Court hold, as a matter of law, that certain transfers to the defendant, Barrett Oil Distributors, Inc. ("Defendant"), are recoverable as preferential transfers. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(F). The following constitutes the Court's Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The facts of this case are substantially undisputed. Defendant is a petroleum distributor and supplied fuel to Debtor. By a check dated August 23, 1989, Debtor paid Defendant $18,080.40 for invoices dated June 28, 1989 and July 13, 1989. Thereafter, on October 31, 1989, Debtor filed a Chapter 11 petition in this Court, which was converted to a Chapter 7 case on January 8, 1990. On September 23, 1991, Plaintiff filed a Complaint to Avoid and Recover Preferential Transfers in order to recover the August 23, 1989 payment. This was

followed by the Motion for Summary Judgment now before the Court. In the Motion, Plaintiff contends no material issue of fact remains to be decided, and the transfer should be adjudged avoidable and recoverable as a matter of law.

In its response, Defendant does not dispute that there are no material issues to be decided concerning the existence of a preferential transfer, but instead contends that the payment was made in the ordinary course of business, and is thus excepted from the avoidance powers of Plaintiff. More specifically, Defendant contends that the sales of fuel and payment for the same did not deviate from normal business practices accepted within the industry and was within the course of business of the respective parties, notwithstanding the fact that this was the first such transaction between Defendant and Debtor. Conversely, Plaintiff's position is that the statutory language excepting transfers made in the ordinary course of business requires that the transfer be made in the ordinary course of business between the two parties involved, as well as made according to ordinary business terms. Therefore, Plaintiff argues, if there is no prior course of dealings between Defendant and Debtor, this element cannot be satisfied.

The sole issue to be addressed is whether a transfer may come within the ordinary course of business exception to the trustee's avoidance powers if there is no prior course of dealings between the debtor and transferee. This Court holds that it may not.

## CONCLUSIONS OF LAW

In accordance with Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, this Court will grant a motion for summary judgment only when there is no material issue of fact to be tried and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *on remand*, 826 F.2d 33 (D.C.Cir.1987), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The movant has the burden to establish that no such factual issue exists, *Id.* 477 U.S. at 324, 106 S.Ct. at 2553, and the Court will read the opposing party's pleadings liberally. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is a drastic remedy, to be granted when there is no room for controversy. *In re Earhart*, 68 B.R. 14, 15 (Bankr.N.D.Iowa 1986); *In re Heath*, 60 B.R. 338, 339 (Bankr.D.Colo.1986).

The parties agree that the payment in question is a preferential transfer, as defined by 11 U.S.C. § 547(b). Therefore, that issue will not be addressed. As stated, the relevant facts of this case are undisputed, and the issue is narrow. Is a prior course of dealing between the debtor and a transferee necessary for a preferential transfer to come within the ordinary course of business exception to the avoidance provisions of § 547(b)? The first factor to be examined is the statutory language itself. Section 547(c)(2) states:

The trustee may not avoid under this section a transfer—

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

11 U.S.C. § 547(c). On its face, this statute requires that three separate elements be satisfied in order for the exception to apply. *In re Family Home Sales Center, Inc.*, 65 B.R. 176, 178 (Bankr.N.D.Ga.1986); *In re Classic Drywall, Inc.*, 121 B.R. 69, 74–75 (D.Kan.1990); *In re Loretto Winery, Ltd.*, 107 B.R. 707 (Bankr.9th Cir.1989). In construing whether or not a payment is made in the ordinary course of business of the debtor and the transferee, most courts review the past payment history between the parties, and compare that history with the course of conduct between the parties during the preference period. *In re Craig*

*Oil Co.,* 785 F.2d 1563 (11th Cir.1986); *In re Yurika Foods Corp.,* 888 F.2d 42 (6th Cir.1989); *In re Homes of Port Charlotte Florida, Inc.,* 109 B.R. 489 (Bankr.M.D.Fla. 1990). However, if no such prior course of dealing exists, the two time periods obviously cannot be compared.

This Court agrees with Plaintiff and thinks that the better interpretation of the statute is that § 547(c)(2)(B) requires a transferee to show that the transfer was made in the ordinary course of business *between those two parties. See Samar Fashions, Inc. v. Private Line, Inc.,* 116 B.R. 417, 419 (E.D.Pa.1990); *In re Pittsburgh Cut Flower Co.,* 124 B.R. 451, 461 (Bankr.W.D.Pa.1991); *In re Hancock–Nelson Mercantile Co.,* 122 B.R. 1006, 1010–1012 (Bankr.D.Minn.1991). Merely showing that the actions were taken in the ordinary course of the parties' respective ordinary course of business, without showing the prior course of dealing between the parties, is not sufficient. Moreover, such a statutory construction would make § 547(c)(2)(C) superfluous, since that subsection requires that the transfer also be made according to ordinary business terms, which is determined by using an objective standard. *Loretto Winery,* 107 B.R. at 709. Effect must be given to all the words employed by Congress. *Id.*

Accordingly, it is the holding of this Court that a transferee must satisfy § 547(c)(2)(B) by showing that the transfer was made in the ordinary course of business between the debtor and the transferee. If there is no prior course of dealings between the parties, the transferee cannot satisfy this element, and the transfer may be avoided. Therefore, Plaintiff's Motion for Summary Judgment is **GRANTED**, and Plaintiff shall recover $18,040.40 from Defendant. Additionally, Plaintiff also seeks to recover pre-judgment interest on the preference payments. Interest is recoverable in a preference action from the date of the demand for its return by the trustee, or from the date of the commencement of the adversary proceeding. *See In re Home Co.,* 108 B.R. 357, 360 (Bankr.N.D.Ga.1989) (citations omitted). The proper rate to be applied is the federal statutory rate of interest on judgments. 28 U.S.C. § 1961; *Home Co.,* 108 B.R. at 360. The rate at the time this proceeding was filed was 5.57%. Therefore, Plaintiff shall recover interest at this rate from the date of the filing of the Complaint.

**IT IS SO ORDERED.**